## Antoine La Fleure v. Wm. Seivert et al.

1.  DELIVERY—*When Placing a Deed upon Record is Equivalent to.*—Where a husband makes a deed of conveyance to his wife, his act of placing it upon record is a sufficient delivery in law.

2.  CONSIDERATION—*Relationship Between Husband and Wife Sufficient.*—The relationship existing between husband and wife is a sufficient consideration for a conveyance of real estate.

**Bill for an Injunction.**—Error to the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed October 8, 1901. Rehearing denied.

W. R. HUNTER, attorney for plaintiff in error.

CHARLES B. CAMPBELL, T. W. SHIELDS and ARTHUR W. DESELM, attorneys for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by plaintiff in error, Antoine La Fleure, against William Seivert, H. W. Guthrie, and Sam B. Glass, sheriff of Kankakee county, seeking to annul and set aside a judgment of the Circuit Court of said county in favor of Seivert against Anna Elizabeth La Fleure, wife of plaintiff in error, so far as the same affects certain real estate described in the bill, to recall and quash the execution issued thereon, and praying for a decree that said judgment and execution shall not be a lien upon said property. The bill also asked for an injunction against Glass as sheriff, restraining him from selling said real estate or any part thereof. A temporary injunction was granted in vacation in accordance with the prayer of the bill, but upon the hearing of the cause in court the injunction was dissolved and the bill dismissed at complainant's costs.

The evidence in this case shows that on September 21, 1899, Antoine La Fleure was the owner of the property in question which is a lot in the city of Kankakee, worth about $2,000, upon which there were two houses, one occupied by

him as a homestead and the other rented when possible. La Fleure was a Frenchman, seventy-six years of age, somewhat weak in mind and body and unable to read English writing. Upon that date, apparently through the efforts of defendant in error Guthrie, a marriage was brought about between La Fleure and an illiterate woman about seventy years of age named Anna Elizabeth Conrad. Just prior to the marriage, the latter, to pay Guthrie for his services in procuring her a husband, gave him her note for $500, dated September 20, 1899, due thirty days after date, with a power of attorney to confess judgment attached thereto. This note was afterward indorsed and delivered to defendant in error Seivert, he paying Guthrie therefor $200 in cash, and giving credit for $250 Guthrie owed him. It further appears from the evidence that prior to his marriage La Fleure, who was a widower, had let it be known that he wanted a wife, and some fifteen different women had come or been brought to see him in regard thereto, but no marriage had been brought about until the Conrad woman came, to whom, after four days aquaintance, he was married.

The bill alleges, and there is some evidence tending to show that Guthrie and one B. F. Stull, conspired to induce certain women to threaten to bring suits against La Fleure for breach of promise; that in two instances La Fleure paid money to settle with such women, and thereafter being informed by Guthrie and Stull that several other women were threatening to commence suits for breach of promise, he became alarmed and deeded the real estate in question to his wife; that the reports that other women were about to commence suit were false and were brought about by Guthrie and Stull to cause him to deed his property to his wife and thereby place her in a position financially where the $500 could be collected from her. Whether his claims as to the deceit practiced upon him are true or not, he did in fact, on October 16, 1900, convey to his wife, by warranty deed, the property in question, without any money consideration whatever. The wife did not join in the deed nor was there any apparent change of possession, but he

and his wife continued to occupy one house as a home-stead, as before. On October 31, 1899, Seivert caused a judgment to be entered upon the note against Mrs. La Fleure and on the same day the latter deeded the property in question back to plaintiff in error, the deed being filed for record after the judgment was entered. An execution was issued on the judgment and levied upon said real estate. Afterward, on November 4, 1899, the sheriff adver-tised that he would, by virtue of his said execution, sell "all the right, title and interest of the above named Anna Elizabeth La Fleure" in said real estate. It was to prevent this sale that the temporary injunction was granted.

The argument of plaintiff in error is largely devoted to an attempt to show that the conveyance from him to his wife, was brought about by the false representations of Guthrie and Stull, and that they procured such conveyance to be made in order that the note, upon which Seivert after-ward obtained the judgment against Mrs. La Fleure, might be collected. The bill in this case, however, does not seek to attack the conveyance from La Fleure to his wife, but to annul the judgment, so far as it affects the real estate in question, and to recall and quash the execution, and it asks for a decree that the judgment and execution shall not be a lien upon said property.

The judgment in question, so far as this case is concerned, is a valid judgment against the wife from which no appeal has ever been perfected. It is therefore a valid lien against her interest in the property. It can not affect the home-stead, as she did not join in the original deed, but there is no reason shown by this record why the interest which she had in the real estate, at the time the judgment was ren-dered, should not be subject to the lien of the same.

Plaintiff in error, however, insists that his wife had no interest in the premises to which the lien could attach, because, as he claims, no title passed from him to his wife, and the reasons advanced by him to sustain this position are :

1. He was frightened into making the deed.

2. No consideration passed to him.

3. Possession of the property did not change.

4. There was no delivery of the deed.

The fact, if it is a fact, that appellant was frightened into making the deed to his wife by Guthrie and Stull can not affect the wife's interest, as there is no charge in the bill that she conspired with them to cause the deed to be made, and she is not even made a party to this suit. While no money consideration passed between appellant and his wife, yet their relationship as husband and wife was a sufficient consideration for the conveyance. It is true that possession of the property did not change, because the wife was already occupying the premises with appellant at the time the deed was made, and it would have been a useless thing for the two to have moved out and immediately returned to the house. While there was no actual, manual delivery of the deed to the wife, the act of appellant in placing the same upon record upon the day it was made, for his wife, was a sufficient delivery in law. Moreover, the bill itself averred the delivery of the deed to the wife.

We are therefore of the opinion that the decree of the court below, dismissing the bill for want of equity, was right, and it is accordingly affirmed.